# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| RAYMOND E. CARR | § | |
| | § | |
| V. | § | A-18-CV-605-RP |
| | § | |
| BRYAN COLLIER, ET AL | § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court is Raymond E. Carr's Application to Proceed *In Forma Pauperis* (Dkt. No. 4); and Carr's Application for Appointment of Counsel (Dkt. No. 5). The District Court referred the above-motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules.

## I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Carr's Application to Proceed *In Forma Pauperis*, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Carr *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Carr is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a review of the claims made in Carr's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon the Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendants.

## II. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

### A. Standard of Review

Because Carr has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does

not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Carr is suing Bryan Collier, Director of the Texas Department of Criminal Justice and the Texas Board of Pardons and Paroles. This case was previously filed in the Houston Division of the United States District Court for the Southern District of Texas. According to that suit, Carr was previously incarcerated in the Polunsky Unit, the Skyview Unit, the Huntsville Unit, and the Austin Transitional Housing Center in 2017. In that suit, the Court noted it had jurisdiction only over claims arising from Carr's incarceration in the Huntsville Unit, and dismissed all of the other claims and ordered Carr to re-file separate lawsuits in the proper jurisdictions.

He now sues in this Court alleging that TDCJ officials violated his constitutional rights pursuant to the Fourteenth Amendment, by subjecting him to unequal treatment. He asserts that on September 21, 2017, after being released from Huntsville to mandatory supervision, he was sent to Austin, Texas, and not Houston, Texas, as originally planned, because of Hurricane Harvey. He asserts that upon the direction of TDCJ officials, he was treated to "arbitrary and unequal treatment" by the "Austin Transitional Facility staff, employees, residents of the facility, and the public" who all "abuse[d] me and subject[ed] me to malicious hazing and invasion of privacy." Dkt No. 1 at 1. Carr also complains that despite his request, he was not sent back to the Ben Reid facility in Houston with other evacuees. He requests "a reasonable amount of damages" for the "physical, mental, and psychological abuse" he suffered. Carr's pleadings in this case all originate from a Houston address

A claim against a TDCJ official in his or her official capacity is a claim against TDCJ, and thus a claim against the State of Texas. *See Mayfield v. Tex. Dep't of Crim. Justice*, 529 F.3d 599, 604 (5th Cir. 2008). Because the Eleventh Amendment protects the states' sovereign immunity,

3

federal courts lack jurisdiction over suits against a state for money damages unless the state has waived its immunity or Congress has clearly abrogated that immunity. *NiGen Biotech, L.L.C., v. Paxton*, 804 F.3d 389, 393–94 (5th Cir. 2015); *Moore v. La. Bd. Of Elem. And Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). Texas has not waived its Eleventh Amendment immunity, and Congress did not abrogate that immunity when enacting Section 1983. *NiGen*, 804 F.3d at 394. Under the Eleventh Amendment, the official capacity claims against Collier are barred by the state's sovereign immunity, and the claims should be dismissed for lack of jurisdiction. Similarly, the Texas Board of Pardons and Paroles is a division of the Texas Department of Criminal Justice, an agency of the State of Texas, and so the Board is also "cloaked with Eleventh Amendment immunity." *McGrew v. Texas Board of Pardons and Paroles*, 47 F.3d 158. 161 (5th Cir.1995).

Carr asserts that his First and Fourteenth Amendment rights were violated during his time at the Austin Transitional Facility. Section 1983 explains that "[e]very person who . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 77 (1989). Section 1983 does not create any substantive rights, it simply provides a remedy for the rights designated therein. *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997). Therefore, an underlying constitutional or statutory violation is a predicate to liability under § 1983. *Id.*

Carr claims his Fourteenth and First Amendment rights were violated because he was hazed and abused by seemingly every person with whom he came into contact in Austin, and not moved to Houston as requested. Personal involvement is an essential element of a civil rights claim under 42 U.S.C. § 1983. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) (a plaintiff must "specify

4

the personal involvement of each defendant" in a section 1983 action). Carr fails to establish how Collier was personally involved in any of these actions, and therefore cannot state a claim against him. Additionally, the Fourteenth Amendment provides that no state shall deprive a person of life, liberty, or property without due process of law nor deny any person within its jurisdiction the equal protection of the laws . U.S. Const. amend. XIV, § 1. Carr does not articulate what rights were violated pursuant to the Fourteenth Amendment, so the Court addresses the claim under both due process and equal protection rubrics.

To state a cause of action under § 1983 for violation of the Due Process Clause, a plaintiff "must show that they have asserted a recognized 'liberty or property' interest within the purview of the Fourteenth Amendment, and that they were intentionally or recklessly deprived of that interest, even temporarily, under color of state law." *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990) (citations omitted), cert. denied, 498 U.S. 1040 (1991). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). Carr has failed to identify any legitimate claim of entitlement to housing at a particular location. Because he has failed to identify a property or liberty interest, this claim is frivolous.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting U.S. CONST. amend. XIV, § 1). Thus, "[t]o state a claim of [ ] discrimination under the Equal Protection Clause and section 1983, the plaintiff 'must

5

allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent.'" *Priester v. Lowndes Cty.*, 354 F.3d 414, 424 (5th Cir. 2004). Carr has failed to identify any protected class of which he is a member. Additionally, he has failed claim that he was treated differently than any other similarly situated individuals. Therefore, he cannot make out a Section 1983 equal protection claim and this claim fails as frivolous.

Carr also alleges that his First Amendment privacy rights were violated by the mailroom staff. Carr fails to identify how the mailroom staff violated any alleged privacy rights, and therefore cannot make out a First Amendment claim.

The Texas Board of Pardons and Paroles and Bryan Collier are entitled to Eleventh Amendment immunity for Carr's claims for monetary damages and Carr has failed to plead that Collier was personally involved in any alleged violation of his constitutional rights pursuant to Section 1983. Additionally, Carr has failed to allege the violation of a right secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). Therefore, Carr has failed to state a claim for relief under § 1983 and his lawsuit should be dismissed under § 1915(e)(2)(B).

## III. RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Carr *in forma pauperis* status. Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** Carr's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Because the undersigned recommends dismissal of Carr's complaint as frivolous, the Court finds that Carr's

Application for Appointment of Counsel (Dkt. No. 5) and any other pending motions should be **DENIED**.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 15th day of October, 2018.

　　　　　　　　　　　　　　　　　　　　　　
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE